UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELVIN GENAO,

                            Plaintiff,

            -against-

ST. NICHOLAS HOUSING
DEVELOPMENT; SARA SANTANA,

                            Defendants.

19-CV-2477 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated May 2, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff brings this action, styled as a criminal complaint, seeking criminal charges against Defendant St. Nicholas Housing Development. Attachment to the complaint is a "10 Day

Notice to Quit," arising out of a holdover proceeding regarding an apartment located at 237 West 127 Street Apartment 14C in Manhattan. The complaint states:

> Stalking 1st deg, aggravated harassment 1st deg, cyber stalking, malicious prosecution 1st deg, slander, defamation of character, heresy, collusion, computer hacking, criminal threats 1st deg, economic espionage act/theft of trade secrets/intellectual property crimes/securities and commodities fraud/identity theft, domestic terrorism, obstruction of justice 1st deg, Amendment V, VI, VIII, XVI, Rome statute, pursuit of happiness.

(ECF No. 1 at 1.)

After Plaintiff filed this complaint, he filed an amended complaint and another criminal complaint. He adds Sara Santana or Sara Turner as a Defendant, and he assert similar claims. (ECF Nos. 5, 6.) Attached to the amended complaint is a decision from the New York State Division of Human Rights (NYSDHR) regarding an administrative complaint that Plaintiff filed against the New York City Housing Authority. (ECF No. 4 at 2-3.) The NYSDHR found no probable cause to support Plaintiff's claim that NYCHA was engaging in discriminatory practices. (*Id.*)

Beginning in 2018, Plaintiff has filed 21 complaints in this Court. *See Genao v. St. Paul's Church*, No. 19-CV-2704 (CM) (S.D.N.Y. May 7, 2019) (dismissing complaint for failure to state a claim and ordering Plaintiff to show cause why he should not be barred under 28 U.S.C. § 1651 from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint).[1]

## DISCUSSION

Plaintiff cannot initiate the arrest and prosecution of an individual or entity in this Court because private citizens cannot prosecute criminal actions in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest

---

[1] That order also listed Plaintiff's other cases, at least six of which were dismissed for failure to state a claim or for failure to either submit an IFP application or pay the filing fee:

warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Plaintiff also cannot direct prosecuting attorneys to initiate a criminal proceeding because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

To the extent Plaintiff seeks relief under 42 U.S.C. § 1983, he fails to state a claim because he must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." *Id.* Private parties are not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants are a private individual and a private entity, Plaintiff cannot state § 1983 claims against them.

Accordingly, the Court dismisses the action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

The Clerk is directed to mail a copy of this order to Plaintiff and note service on the docket. The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:  May 22, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge